AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | |
| TYREE BAKER, | ) | Case No.  5:18-MJ- 679   (TWD) |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.  On or about the date(s) of November 8, 2018, in the county of Onondaga, in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) | Possession with the intent to distribute and to distribute a controlled substance, to wit: fentanyl, a Schedule II controlled substance. |

This criminal complaint is based on these facts:
See attached affidavit in support of criminal complaint

☒    Continued on the attached sheet.

_____
Complainant's signature

Derek Valgora, Senior Special Agent, ATF
_____
Printed name and title

Sworn to before me and signed in my presence.

Date:    November 9, 2018
_____
Judge's signature

City and State:    Syracuse, New York

Hon. Thérèse Wiley Dancks, U.S. Magistrate Judge
_____
Printed name and title

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

Derek Valgora, a Senior Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), being duly sworn, deposes and says:

1.    I am the applicant herein and I am currently assigned to the ATF Syracuse Field Office.  I have been a Special Agent since January 2000.  I am currently assigned to the ATF Syracuse, New York Field Office.  Prior to that, I worked for the United States Immigration & Naturalization Service (INS) for approximately 8 years. I have in excess of 26 years' experience working in federal law enforcement.  During my tenure as an ATF agent, I have conducted and participated in numerous investigations, which have resulted in the arrest and prosecution of individuals who have committed violations of federal law, including, explosives investigations, arson, firearms offenses, and illegal firearms trafficking.  I have also completed the ATF Certified Explosives Specialist (CES) program that required completion of over 300 hours of specialized training related to explosives in conjunction with two years of on the job training in the identification, handling, disposal and manufacture of explosives.

2.    I make this affidavit in support of a criminal complaint charging Tyree Baker with a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), possession with the intent to distribute and to distribute fentanyl, a Schedule II controlled substance.

3.    I base this affidavit on information supplied by the Syracuse Police Department (SPD) and other local and state law enforcement agencies.  Since this affidavit is being submitted for the limited purpose of establishing probable cause to support a criminal complaint, I have not

1

included each and every fact known to me concerning this investigation. I have set forth only the facts which I believe are necessary to establish probable cause for the complaint.

4.      On November 8, 2018, law enforcement officials met with an undercover officer (hereinafter, "UC") for the purpose of conducting a controlled purchase of drugs in the neighborhood of the West Side of the City of Syracuse. The UC was given a sum of U.S. currency with pre-recorded serial numbers and a recording device to put on her/his person. The UC then drove to a location previously identified and agreed upon by law enforcement. The UC was followed under surveillance by law enforcement agents.

5.      Shortly thereafter, officers observed the UC approach an individual subsequently identified as Tyree Baker. The UC asked Baker about buying drugs, and Baker agreed to sell the UC drugs. Shortly thereafter, in the 200 block of Merriman Avenue in Syracuse, Baker sold the UC eight (8) glassine baggies, later determined by law enforcement to contain fentanyl through a field test, in exchange for $50.00 of pre-recorded "buy money."

6.      Following the UC's controlled purchase of fentanyl from Baker, law enforcement proceeded to arrest Baker, keeping him under constant surveillance during and after the UC's purchase of drugs.

7.      Baker fled as officers approached him, and officers followed in a foot pursuit of Baker. During the foot pursuit, officers observed Baker throw to the ground what was subsequently found to be five (5) "bricks[1]" of a substance found by a field test sample to contain fentanyl. Following Baker's arrest, law enforcement officers found along the path Baker ran during the foot pursuit eighteen (18) additional glassine baggies containing a substance visually

---

[1] A "brick" consists of five (5) "bundles" of heroin and/or fentanyl. A "bundle" consists of ten (10) glassine baggies of heroin and/or fentanyl. Thus, a "brick" consists of fifty (50) glassine baggies.

consistent with heroin or fentanyl, and a field test sample subsequently revealed the presence of fentanyl.

## CONCLUSION

8.       Based upon the above, I believe that probable cause exists that Tyree Baker violated Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) by possessing with the intent to distribute and distributing a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.


Derek Valgora
Senior Special Agent
Bureau of Alcohol, Tobacco, and Firearms


Sworn to before me this
9th day of November, 2018


Hon. Thérèse Wiley Dancks
United States Magistrate Judge

3